( COMMON.LAW

## WHEATON v. SEXTON's Lessee.

A sale, under a *fi. fa.*, duly issued, is legal as respects the purchaser, provided the writ be levied upon the property before the return day, although the sale be made after the return day; and the writ be never actually returned.

A deed, made upon a valuable and adequate consideration, which is actually paid, and the change of property is *bona fide*, or such as it purports to be, cannot be considered as a conveyance to defraud creditors.

ERROR to the Circuit Court for the District of Columbia.

This was an action of ejectment brought in the Court below by the defendant in error, Sexton, against the plaintiff in error, Wheaton, to recover the possession of a parcel of ground in the city of Washington, being lot number 17, in square 254, containing 8254 3-4 square feet, with the buildings thereon. At the trial, the plaintiff produced and read in evidence to the jury, a deed of bargain and sale of the premises from John P. Van Ness and wife, and C. Stephenson, to Sally Wheaton, the wife of the defendant in ejectment; and a deed from one Watterston to the same, of the same premises; a writ of *fi. fa.* against the goods, chattels, lands and tenements of the defendant, issued from the Court below upon a judgment obtained by Sexton, against Wheaton, with a return thereon by the Marshal: " December the 30th, 1815, sold the real property

in square 254, to Francis F. Key, esq. for three hundred dollars; sales of real property in square 253, countermanded by said Key; sold personal property," &c. The writ was never actually returned, but for the first time produced by the Marshal in Court, at the trial of this cause. The sale took place after the return day mentioned in the writ. The plaintiff also produced and read in evidence a deed from the Marshal to the plaintiff in ejectment, dated 30th May, 1816, he having been the highest bidder, by Key his attorney. The defendant's counsel prayed the Court to instruct the jury, that the lessor of the plaintiff could not recover. The Court refused to give such instruction, but instructed the jury, that if they should be of opinion, from the evidence that the writ of *fi. fa.* was levied by the Marshal, upon the property in question, before the return day of the writ, it was lawful for him to sell the same under and by virtue of said writ, and that the facts respecting the said sale might be proved by parol. To which instruction the defendant excepted. The defendant, to show the legal title of the premises to be in one E. B. Caldwell, and not in the lessor of the plaintiff, gave in evidence a deed from the defendant in ejectment to said E. B. Caldwell, made and executed on the 23d of December, 1811, conveying the premises to the said E. B. C., reciting the deeds from Van Ness, &c. and that it was understood at the time of making those deeds, that the property should be absolutely for the sole use of said Sally Wheaton, &c.; but it had been apprehended and suggested that the said Joseph Wheaton might

have a life estate therein to carry into effect the original intent of the conveyances, and for the consideration of five dollars, paid to him by E. B. Caldwell, the said Joseph Wheaton conveys to him all his right, title, and interest, in trust for the use of said Sally Wheaton. Whereupon the Court instructed the jury, that if the jury should be of opinion, from the evidence, that the said deed was made by the said J. W. without a valuable consideration therefor, OR was made by him with intent to defeat and delay, or defraud his creditor, the said Sexton, of his debt aforesaid, then the said deed was void in law as to the said Sexton: to which the defendant excepted. The jury found a verdict, and the Court rendered a judgment for the lessor of the plaintiff. The cause was then brought to this Court by writ of error.

The cause was submitted without argument.

Mr. Justice JOHNSON delivered the opinion of the Court.

The suit below was ejectment, and the defendant in this Court recovered under a title derived from a sale by the marshal of this District. The marshal's deed conveys the life estate of Wheaton in the lands in question. And the plaintiff below proved the title in the defendant's wife, under conveyances executed after marriage.

The defence set up was a conveyance executed by Wheaton, to a trustee, for the sole and separate use of his wife, and her heirs, and the deed purports to have been executed in consideration of, and to carry into

effect, an original intention in the parties, that the conveyances to his wife should enure to the same uses, although the conveyances in law operate otherwise. But there is no other evidence of this fact than what is contained in the deed, and it was executed but two days before the judgment. At the trial, two bills of exception were taken; the first of which brings up the question, whether a sale by the marshal, after the return day of the writ, was legal. The Court charged that it was, provided the levy was made before the return day. And on this point the Court can only express its surprise that any doubt could be entertained. The Court below were unquestionably right in this instruction. The purchaser depends on the judgment, the levy, and the deed. All other questions are between the parties to the judgment and the marshal. Whether the marshal sells before or after the return, whether he makes a correct return, or any return at all, to the writ, is immaterial to the purchaser, provided the writ was duly issued, and the levy made before the return.

The second bill of exceptions brings up the question, whether the deed to Caldwell, in trust for Mrs. Wheaton, was not fraudulent and void as against creditors. In ordinary cases, a voluntary conveyance of a man to the use of his wife, when circumstanced as Wheaton was, would unquestionably be void. But it is contended that, in this instance, a Court of Equity would have decreed Wheaton to make the conveyance he did execute, and, therefore, it was not a voluntary conveyance. That there are cases in

which the Court would lend its aid to protect the acquisitions of a wife from the creditors of a husband, may well be admitted ; but on this case it is enough to observe, that if the husband may, upon his own recital, make out such a case, there would no longer exist any difficulty in evading the rights of creditors. Yet this Court is not satisfied that the Court below has given an instruction that comports with the law of the case.

The instruction of the Court, given on motion of the plaintiff below, is, that the deed was void in law, " if it was made by the said Joseph Wheaton without a valuable consideration therefor, *or* was made by him with intent to defeat, delay, or defraud his creditors." Had the conjunction *and* been substituted in this instruction for *or*, it would have been entirely unimpeachable; but as it now reads, it must mean, that even had a valuable consideration been paid, if the deed was made with intent to defeat creditors, it was void. We know of no law which avoids a deed where a valuable (by which, to a general intent, must also be understood *adequate*) consideration is paid, and the change of property be *bona fide*, or such as it professes to be. Of such a contract it cannot be predicated that it is with intent to defeat or defraud creditors, since, although the property itself no longer remains subject to the judgment, a substitute is furnished by which that judgment may be satisfied. Nor is it any impeachment of such a deed that it is made to the use of the family of the maker. The trustee, in that case, becomes the benefactor, and not the husband. It is

1819

Wheaton
v.
Sexton.

not a provision made by him for his family, but by another.

Although, from any thing that appears in this cause, this Court can see no ground on which the jury could have found otherwise than they did, yet if the instruction was erroneous, and to the prejudice of the defendant below, as this Court cannot estimate its influence on the minds of the jury, the judgment must be reversed.

Judgment reversed.